# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Jerrod Rickard,<br><br>                Plaintiff,<br>vs.<br><br>American Honda Motor Company, Inc.,<br><br>                Defendant. | Civil Action No. 4:25-cv-03385-JD-TER<br><br>**CONSENT CONFIDENTIALITY ORDER** |

Whereas, the parties to this Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents"), upon designation as Confidential, as set forth below shall be subject to this Order concerning confidential information.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3.      **Documents Which May Be Designated Confidential.** Any party may designate documents as confidential but only after review of the documents by the party's attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, medical records and other medical information, sensitive personal or financial information, trade secrets, or confidential research, development, or commercial information. Information or documents which are available in the public sector may not be designated as confidential.

4.      **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within thirty days after receipt of the transcript. Such designation shall be specific as to the portions to be protected. The entire deposition shall be deemed confidential until the earlier of any designation or the expiration of 30 days.

5.      **Protection of Confidential Material.**

a.      **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b.      **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below. With respect to any person or entity identified in subparagraphs (4)-(6), disclosures shall not be made until the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at A hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements,

the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

    (1)    counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

    (2)    parties and employees of a party to this Order;

    (3)    court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

    (4)    consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit;

    (5)    other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered; and

    (6)    any person who may be called as a witness or who counsel, in good faith, has a need, in order to investigate and prepare for purposes of the litigation, to disclose, to the person, provided that the person shall not be permitted to retain a copy of any confidential document.

Nothing contained in this paragraph 5 is intended to or shall prevent counsel for any party from questioning a deponent about a document designated CONFIDENTIAL pursuant to this Order where the deponent: (a) is the direct or indirect subject of the document(s); (b) is the author of the document(s) designated confidential; or (c) otherwise may have knowledge regarding the document(s) or the substance thereof. In this event, counsel may designate appropriate portions of the subject deposition(s) as confidential pursuant to

paragraph 4 above.  Further, Attachment A need not be obtained from the deponent prior to counsel questioning the deponent regarding the subject document(s).

c.      **Control of Documents.**   Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this order.  Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order, which shall not be subject to discovery or disclosure except upon order of the Court.

d.      **Copies.**  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy.  All such copies shall be afforded the full protection of this Order.

6.      **Filing of Confidential Materials.**  In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (e.g. in relation to discovery and evidentiary motions), submitting the documents solely for in camera review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to

determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion.

7. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

8. **Challenges to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge. The following procedures shall apply to any such challenge.

a. The burden of proving the necessity of a CONFIDENTIAL designation remains with the party asserting confidentiality.

b. A party who contends that documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1) the party who claims that the documents are confidential withdraws such designation in writing;

(2) the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 8.b. above; or

(3) the court rules that the documents should no longer be designated as confidential information.

d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9. **Treatment on Conclusion of Litigation.**

a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b. **Return of CONFIDENTIAL Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶ 5.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain a single copy of all documents for the attorneys' case file as work product. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

10. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not,

however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

11. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

12. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel for the parties and their respective law firms; and (2) their respective clients.

13. **Protected Health Information**. In order further to facilitate timely disclosure of large numbers of documents, some of which may contain "protected health information" ("PHI") within the meaning of 45 C.F.R. § 160.103 and 45 C.F.R. 164.501, and/or individually identifying patient information protected by other federal and/or state laws and regulations, any document containing protected health information that is produced by any party or non-party subpoena recipient shall be deemed CONFIDENTIAL within the meaning of this Order and treated as CONFIDENTIAL pursuant to this order, without the need for and regardless of whether or not the word "CONFIDENTIAL" is affixed to the document. Any party and any employee of a party to whom disclosure may be made of documents deemed CONFIDENTIAL pursuant to this Paragraph 13 shall execute an acknowledgement (in the form attached hereto as Attachment A) that he or she has read, understands, and agrees to the terms of this Confidentiality Order, including the provisions of paragraphs 13 through 15 hereof.

14. **Redaction / De-identification of Protected Health Information**. A party shall not mark for identification or offer into evidence at any trial, hearing or deposition, or on any motion, any document containing protected health information unless the document has been redacted sufficiently that any PHI contained therein is de-identified within the meaning of 45 C.F.R. § 164.514(b)(2)(i)(A)-(R).

15.     **Treatment of Protected Health Information on Conclusion of Litigation**. The provisions of Paragraph 9 of this Order shall apply, as follows, to all documents deemed confidential pursuant to Paragraph 13 of this Order. Any document known by a receiving party, or counsel for a receiving party, to contain protected health information shall be returned or destroyed in accordance with Paragraph 9.b. Any document not returned or destroyed by the deadline in Paragraph 9.b., but later determined to contain protected health information, shall be returned or destroyed within 30 days of the determination that the document contains protected health information.

IT IS SO ORDERED.

Dated: July 30, 2025

 s/Thomas E. Rogers, III  
United States Magistrate Judge

4:25-cv-03385-JD-TER     Date Filed 07/30/25     Entry Number 24     Page 9 of 9