UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JERROD RICKARD, | ) | Civil Action No. 4:25-cv-3385-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| AMERICAN HONDA MOTOR COMPANY, INC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## I.   INTRODUCTION

This action arises from Plaintiff's employment with Defendant. Plaintiff brings claims for discrimination, retaliation, and failure to accommodate in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., and discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq. He also asserts state law claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Presently before the Court is Defendant's partial Motion to Dismiss (ECF No. 11). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(g), DSC. This Report and Recommendation is entered for review by the District Judge.

## II.   FACTUAL ALLEGATIONS

Plaintiff began his employment with Defendant on or around April 21, 2006. Compl. ¶ 12 (ECF No. 1). Throughout his employment, Plaintiff and his wife attempted unsuccessfully to conceive children, but were unable to do so due to fertility difficulties. Compl. ¶ 123 On August

1

8, 2023, Defendant notified the Plaintiff of a new security system, which would require him to walk through a scanning machine upon his entry into the facility. Compl. ¶ 14. On August 21, 2023, and again on September 12, 2023, Plaintiff informed Defendant of his health and safety concerns regarding the new security system, resulting from his ongoing infertility and desire to have children. Plaintiff informed Defendant that he was concerned that the levels of radiation would negatively affect his health by damaging reproductive cells like sperm. Compl. ¶¶ 15-17. Also on September 12, 2023, Plaintiff began the process to obtain a medical waiver. Compl. ¶ 18.

The new security system was installed September 18, 2023. Compl. ¶ 19. Plaintiff requested that he be accommodated by allowing him to use an alternate entrance and either physically patting him down or using a non-radiation emitting wand. Defendant refused Plaintiff's request. Compl. ¶ 21. On September 25, 2023, Plaintiff met with Defendant's upper management personnel, who informed him that he needed to provide medical paperwork regarding his fertility issues within twenty-one days of the meeting. Compl. ¶ 22.

On October 3, 2023, Plaintiff was suspended, and, on October 6, 2023, Plaintiff's employment was terminated for failure to follow instructions related to his usage of the security system. Compl. ¶¶ 23-24. Shortly before his termination, Plaintiff had informed his supervisor that he planned to retire due to his age. Compl. ¶ 57.

On April 26, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). See Charge (ECF No. 11-2). The form Plaintiff completed did not include boxes to check regarding the types of claims Plaintiff was raising. Rather, it included a fill-in-the-space question asking on what the alleged discrimination was based. Plaintiff answered with "Age, Disability." Id. In the narrative portion of the form, Plaintiff stated,

> On or around August 8, 2023, my employer notified employees of the implementation of a new security system that emitted radiation that could negatively impact my medical condition. On or around August 21, 2023, I made my employer aware of my concerns regarding the new security system. On or around September 12, 2023, I notified security of my concerns again. On or around September 18, 2023, the new security system was fully implemented. I used an alternative entrance, and I was told by security that I had to use the associate entrance despite me informing them of my concerns.
>
> Also, there were other employees that were allowed to use alternative entrances. On or around September 25, 2023, I had a meeting with upper management and was told I had to provide medical paperwork within 21 days of that meeting. On or around October 3, 2023, I was placed on suspension. On or around October 6, 2023, I was discharged for failure to follow all legitimate supervisory instructions.

Id. Plaintiff received a Notice of Right to Sue on January 7, 2025. Compl. ¶ 9.

### III.  STANDARD OF REVIEW

Defendant moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> To survive a motion to dismiss, a complaint must contain sufficient factual

3

> matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

"In ruling on a motion to dismiss under Rule 12(b)(6), a court may consider documents referenced by a plaintiff in the complaint and attached to a motion to dismiss, such as a right-to-sue notice from the EEOC, without converting a motion to dismiss into a summary judgment motion." Oglesby v. Itron Elec. Metering Inc., No. 8:17-cv-00216-TMC-JDA, 2017 WL 9286980, at *3 (D.S.C. Mar. 14, 2017) (citing Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (explaining that at motion to dismiss stage, courts may consider documents attached to motion to dismiss "so long as they are integral to the complaint and authentic")).

**IV.     DISCUSSION**

Defendant seeks dismissal of Plaintiff's ADA retaliation cause of action. It argues that Plaintiff did not include retaliation in his Charge of Discrimination and, it cannot be raised in this Court for the first time. When a plaintiff asserts a claim under the ADA, he must do so in accordance with the enforcement procedures outlined in Title VII, which require a plaintiff to exhaust her administrative remedies by filing a charge with the EEOC prior to bringing suit in this Court. See 42 U.S.C. § 12117; 42 U.S.C. § 2000e–5(f)(1). The charge of discrimination that is filed with the EEOC "defines the scope of [a plaintiff's] subsequent right to institute a civil suit." Smith v. First Union National Bank, 202 F.3d 234, 247 (4th Cir. 2000). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent

[employment discrimination] suit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).

Because "lawyers do not typically complete the administrative charges," courts must "construe them liberally" in favor of the plaintiff. Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005) (citing Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll., 848 F.2d 457, 460 (4th Cir. 1988)); see also Sydnor v. Fairfax Cnty., 681 F.3d 591, 594 (4th Cir. 2012) ("[T]he exhaustion requirement should not become a tripwire for hapless plaintiffs."). Where there is a variance between the allegations in the charge and the formal complaint, a court must determine "whether a plaintiff's administrative and judicial claims are 'reasonably related,' not precisely the same[.]" Sydnor, 681 F.3d at 595 (citing Smith, 202 F.3d at 247).

Nevertheless, the Fourth Circuit, and this Court, have consistently dismissed retaliation claims where the plaintiff failed to exhaust their administrative remedies prior to filing suit in federal court where the alleged retaliation occurred prior to the filing of the administrative charge. See McCoy v. S.C. Pub. Serv. Auth., No. 2:22-cv-2835-DCN-MHC, 2022 WL 22257017, at *6 (D.S.C. Dec. 1, 2022), R&R adopted, 2022 WL 22257002 (D.S.C. Dec. 27, 2022) (dismissing plaintiff's ADA retaliation claim, noting "Plaintiff limited the allegations in her charge to disability discrimination and omitted any reference to retaliation."); Rosier v. TargetX, No. 2:17-cv-1306-RMG-MGB, 2018 WL 1832998, at *3 (D.S.C. Mar. 28, 2018), R&R adopted, 2018 WL 1832315 (D.S.C. Apr. 17, 2018) (granting defendant's partial motion to dismiss plaintiff's ADA retaliation claim for failure to exhaust the administrative remedies); Sloop v. Mem'l Mission Hosp., Inc., 198 F.3d 147, 149 (4th Cir. 1999) (dismissing plaintiff's retaliation claim where plaintiff alleged only age discrimination in the charge); Tonkin v. Shadow Mgmt., Inc., 605 F. App'x 194 (4th Cir. 2015)

5

(affirming dismissal of plaintiff's retaliation claim for failure to exhaust the administrative remedies).

Here, Plaintiff alleges that "subsequent to his complaints of unlawful employment practices," Defendant "discriminated/retaliated against [him] by refusing to accommodate his disability, suspending him, and terminating him." Compl. ¶ 29. This alleged retaliation occurred prior to him filing his Charge of Discrimination. However, in his Charge, Plaintiff makes no reference to retaliation. The particular form used by Plaintiff did not have a box to check for the types of discrimination and/or retaliation alleged, but Plaintiff did not write in retaliation when asked what the alleged discrimination was based on. He wrote only "age, disability." See Charge. Further, nothing in the narrative portion of the Charge would put Defendant on notice that Plaintiff was alleging it retaliated against him for some protected activity. He states only that Defendant notified employers of a new security system "that could negatively impact my medical condition." Id. Thereafter, he states that he notified Defendant of his "concerns" on three occasions. Id. He then "had a meeting with upper management and was told I had to provide medical paperwork within twenty-one days of that meeting." Prior to the end of the twenty-one day period, he was suspended and then terminated for failure to follow instructions. Id. He then states "I believe I have been discriminated against in violation of" the ADEA due to his age and in violation of the ADA due to his disability. Id. He makes no mention of retaliation or protected activity. Thus, the complaints raised in Plaintiff's Charge are insufficient to put Defendant on notice of a claim for retaliation. Accordingly, dismissal of that cause of action is appropriate.

V.    **CONCLUSION**

For the reasons discussed above, it is recommended that Defendant's partial Motion to

Dismiss (ECF No. 11) be granted and Plaintiff's claim for retaliation under the ADA be dismissed.

                                                            s/Thomas E. Rogers, III
                                                           Thomas E. Rogers, III
                                                           United States Magistrate Judge

January 6, 2026
Florence, South Carolina