IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JERROD RICKARD, | ) | Case No.: 4:25-cv-03385-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| AMERICAN HONDA MOTOR | ) | |
| COMPANY, INC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 26), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends granting Defendant American Honda Motor Company, Inc.'s partial Motion to Dismiss (DE 11) and dismissing Plaintiff Jerrod Rickard's claim for retaliation under the Americans with Disabilities Act.[1] Plaintiff filed timely objections to the Report (DE 27), and Defendant filed a reply to the objections (DE 28). Accordingly, the matter is ripe for disposition.

**A.    Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiff Jerrod Rickard ("Plaintiff") initiated this action on April 22, 2025, asserting claims against Defendant American Honda Motor Company, Inc. ("Defendant"), for discrimination, retaliation, and failure to accommodate under the Americans with Disabilities Act ("ADA"), discrimination under the Age Discrimination in Employment Act ("ADEA"), and related state-law claims. (DE 1.) Plaintiff's claims arise from the termination of his employment with Defendant on October 6, 2023. (*Id.* ¶¶ 23–24.)

On April 26, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (DE 11-2.) In the Charge, Plaintiff identified the bases of the alleged discrimination as "Age" and "Disability." (*Id.*) In the narrative portion of the Charge, Plaintiff described Defendant's implementation of a new security system, his expressed concerns regarding that system, his suspension, and his termination for failure to follow instructions. (*Id.*) The Charge does not reference retaliation or allege that Defendant took adverse action against Plaintiff because he engaged in protected activity. Plaintiff received a Notice of Right to Sue on January 7, 2025. (DE 1 ¶ 9.)

On June 16, 2025, Defendant filed a partial Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of Plaintiff's ADA retaliation claim for failure to exhaust administrative remedies. (DE 11.) Plaintiff filed a Response in Opposition on June 25, 2025 (DE 13), and Defendant filed a Reply on June 30, 2025 (DE 14). The Motion was referred to the Magistrate Judge for pretrial handling.

2

**B.     Report and Recommendation**

On January 6, 2026, the Magistrate Judge issued the Report recommending that Defendant's partial Motion to Dismiss be granted and that Plaintiff's ADA retaliation claim be dismissed. (DE 26.) Plaintiff filed timely objections to the Report on January 19, 2026 (DE 27), and Defendant filed a reply to the objections on January 27, 2026. (DE 28.)

In the Report, the Magistrate Judge recommends granting Defendant's partial Motion to Dismiss and dismissing Plaintiff's claim for retaliation under the Americans with Disabilities Act. (DE 26.) The Report concludes that Plaintiff failed to exhaust his administrative remedies as to that claim because his Charge of Discrimination did not allege retaliation, nor did it include factual allegations sufficient to place the Equal Employment Opportunity Commission or Defendant on notice that Plaintiff intended to pursue a retaliation theory. (*Id.* at 4–6.)

The Report further explains that while courts construe administrative charges liberally, the exhaustion requirement limits a plaintiff to those claims stated in the charge, those reasonably related to the charge, or those that would naturally arise from a reasonable administrative investigation. (*Id.* at 4–5.) Applying Fourth Circuit precedent, the Magistrate Judge determined that Plaintiff's alleged retaliatory acts occurred before the filing of the Charge and that nothing in the Charge's narrative or identified bases of discrimination would reasonably trigger an investigation into retaliation. (*Id.* at 5–6.)

Accordingly, the Report recommends dismissal of Plaintiff's ADA retaliation claim for failure to exhaust administrative remedies, while allowing Plaintiff's remaining federal and state-law claims to proceed. (*Id.* at 6.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D.  Petitioner's Objections

Plaintiff principally objects to the Magistrate Judge's conclusion that his claim for retaliation under the ADA is subject to dismissal for failure to exhaust administrative remedies. (DE 27.) Plaintiff contends that his retaliation claim is "undeniably related" to his ADA disability discrimination claim and would "naturally arise" from any reasonable investigation of the Charge of Discrimination. (*Id.* at 1–3.) Relying on Fourth Circuit precedent, Plaintiff argues that the Charge, liberally

4

construed, sufficiently encompassed retaliation and that Defendant's position statement before the EEOC confirms Defendant was on notice of such a claim. (*Id.* at 3.)

The Court has conducted a de novo review of the portions of the Report to which Plaintiff specifically objects. Upon review, the Court agrees with the Magistrate Judge's analysis and conclusion and finds Plaintiff's reliance on the cited authorities misplaced.

As the Fourth Circuit has repeatedly held, although administrative charges are construed liberally, a plaintiff may pursue in federal court only those claims stated in the charge, those reasonably related to the charge, or those that would naturally arise from a reasonable administrative investigation. *See Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012). This standard balances the remedial purposes of the ADA and Title VII against the statutory requirement that employers receive fair notice of the claims against them and that the EEOC be afforded the first opportunity to investigate and conciliate. *Id.*; *see also Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005).

Plaintiff's reliance on *Sydnor* is unavailing. In *Sydnor*, the Fourth Circuit found exhaustion satisfied where both the EEOC charge and the federal complaint alleged the same type of discrimination—failure to provide a reasonable accommodation for a disability—and differed only as to the specific accommodation requested. *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d at 595. The court emphasized that the claims involved the same discriminatory conduct, the same actors, and the same

core theory of liability, such that the employer was on notice of the nature of the claim being asserted. *Id*. By contrast, retaliation constitutes a distinct unlawful employment practice with separate elements, including engagement in protected activity and a causal connection between that activity and an adverse employment action. Here, Plaintiff's Charge identified only "Age" and "Disability" as the bases of discrimination and did not allege that Defendant took any adverse action because Plaintiff engaged in protected activity. Nothing in the Charge would reasonably alert the EEOC that Plaintiff was complaining of retaliation as opposed to discriminatory termination or failure to accommodate.

The same is true of Plaintiff's reliance on *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482 (4th Cir. 1981). Chisholm addressed multiple aspects of a single, allegedly discriminatory promotion system affecting a defined class of employees, and the Fourth Circuit permitted claims that expanded the factual scope of that system while remaining within the bounds of the discriminatory practice before the agency. *Chisholm v. U.S. Postal Serv.*, 665 F.2d at 491. That case does not stand for the proposition that an entirely different theory of liability—such as retaliation—may be pursued absent any reference to retaliation or protected activity in the charge itself. Unlike *Chisholm*, Plaintiff's retaliation claim is not merely a different facet of the same discriminatory practice alleged in the Charge; it is a separate claim that was neither identified nor fairly implied.

Plaintiff's citation to *Smith v. First Union Nat'l Bank*, 202 F.3d 234 (4th Cir. 2000), is likewise inapposite. In *Smith*, the Fourth Circuit concluded that a

6

retaliation claim was exhausted where both the EEOC charge and the federal complaint included claims of retaliation by the same actor, even though the specific retaliatory acts differed. *Smith v. First Union Nat'l Bank*, 202 F.3d at 248. Here, however, Plaintiff's Charge included no retaliation claim at all. The absence of any allegation that Plaintiff engaged in protected activity or that Defendant acted in response to such activity distinguishes this case from *Smith* and forecloses application of its reasoning.

The Court also agrees with the Magistrate Judge that the narrative portion of Plaintiff's Charge does not supply the missing elements. Although Plaintiff describes expressing concerns about the security system, requesting an accommodation, and subsequently being suspended and terminated, the Charge does not allege—explicitly or implicitly—that these adverse actions were taken because Plaintiff engaged in protected activity. Temporal proximity alone, without an allegation of retaliatory motive or protected conduct, is insufficient to place the EEOC or Defendant on notice of a retaliation claim.

Finally, Plaintiff's argument that Defendant's EEOC position statement demonstrates notice of a retaliation claim is unpersuasive. (DE 27 at 3.) A defendant's response to an administrative charge cannot expand the scope of the charge or cure a plaintiff's failure to exhaust administrative remedies. The relevant inquiry remains whether the Charge itself provided adequate notice of the claim. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). The Court agrees with the Magistrate Judge that it did not.

Having conducted the required de novo review, the Court finds that Plaintiff's objections do not identify any error of law or fact in the Report and do not warrant rejection or modification of the Magistrate Judge's recommendation.

**E.     Conclusion**

Accordingly, after a *de novo* review of the Report and Recommendation, the record, and the applicable law, the Court overrules Plaintiff's objections and adopts the Report (DE 26) in its entirety. Defendant's partial Motion to Dismiss (DE 11) is granted, and Plaintiff's claim for retaliation under the Americans with Disabilities Act is dismissed. Plaintiff's remaining claims shall proceed.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 2, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.